IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-73,032-01 & -02




EX PARTE RUSSELL OLIVAREZ, Applicant




ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. 7253 & 7254 IN THE 21ST DISTRICT COURT
FROM BASTROP COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of burglary of a habitation and sentenced to two terms of twenty years’ imprisonment. 
            Applicant contends that he is being denied credit for time spent released on parole prior to
revocation. Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Spann, 132
S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact.
            The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice’s Office of the General Counsel to file
an affidavit listing Applicant’s sentence begin dates and the dates of issuance of any parole-revocation warrants leading to the revocation of such parole. The affidavit should state whether
Applicant is serving a sentence for, or has previously been convicted of, an offense listed in Tex.
Gov’t Code § 508.149(a) at the time of Applicant’s revocation. The affidavit should also address
how much time was remaining on these sentences on the date Applicant was released to parole, and
how much time Applicant spent on release before the issuance of the parole-revocation warrants. 
The affidavit should state whether Applicant is receiving credit for any of the time spent on parole. 
Finally, the affidavit should indicate whether Applicant has submitted his claim to the time credit
resolution system of TDCJ, and if so, the date his claim was submitted.
            The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. C ode Crim.
Proc. art. 26.04.
            The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov’t Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is eligible to earn street time credit, and if
so, whether he is entitled to credit for his time spent on release. The trial court shall also make
findings as to whether Applicant is receiving the proper amount of time credit for that time. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: December 16, 2009
Do not publish